Tufts *v.* Bunker.

————◆————

JOHN TUFTS *versus* SAMUEL BUNKER *& al.*

When the question at issue is whether a sale was made to defraud creditors, evidence that the alleged fraudulent vendor previously offered to sell the property to other persons, is not admissible to disprove the fraud.

ON EXCEPTIONS

TRESPASS for taking a pair of oxen, cart, yoke, bows, ring and staple. Writ dated Aug. 11, 1865.

The plaintiff introduced a bill of sale of the property sued for, with other property, from one Albert Williams to himself dated Aug. 2d and 3d, 1865.

The defence was that the sale from Williams to the plain-

tiff was fraudulent as to creditors and subsequent *bona fide* purchasers, the defendants claiming to be in a condition to raise that question.

The remaining facts are sufficiently stated in the opinion.

*J. H. Webster,* for the defendants.

*D. D. Stewart,* for the plaintiff.

WALTON, J. — When the question to be tried is whether a sale was made to defraud creditors, evidence that the alleged fraudulent vendor previously offered to sell the property to other parties, is not admissible to disprove the fraud.

The exceptions state that the plaintiff called one Joseph E. Gray, and among other things asked him whether he knew of offers by Williams to sell the property in controversy before he. sold it to the plaintiff. The defendants objected to the inquiry, but the presiding Judge ruled that the witness might answer; and he thereupon testified that he had such knowledge; that Williams offered to sell the property to Moses M. Thompson; that he was present when the offer was made. In *Fisher* v. *True,* 38 Maine, 534, such evidence, offered for the same purpose apparently, namely, to rebut the inference that the sale in question was made with the intent to defraud creditors, was held inadmissible. No reason is perceived for overruling that decision. *Exceptions sustained.* — *New trial granted.*

APPLETON, C. J., CUTTING, KENT, DICKERSON, BARROWS and DANFORTH, JJ. concurred.